Robert K. Shyer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

628

*Michael Schutzbank*, with him *Jonathan Glenn Granoff, Barsky, Golden & Remick*, for petitioner.

*John Kupchinsky*, Associate Counsel, with him *William J. Kennedy*, Associate Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, May 27, 1982:

The petitioner, Robert K. Shyer, seeks reversal of an order of the Unemployment Compensation Board of Review (Board) which denied him benefits, finding that he was discharged for willful misconduct[1] because he was involved in an accident in which his employer's vehicle was seriously damaged as a result of his driving at an excessive rate of speed. The Board concedes, however, that the finding was not supported by substantial evidence and requests that we remand the matter for the taking of additional evidence from which new findings may be reached.

Inasmuch as our review of the record reveals that the petitioner's own testimony was not consistent as

[1] Pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

to the cause of the accident[2] and in light of the Board's duty to protect the unemployment compensation fund, and its request for remand, *Bala v. Unemployment Compensation Board of Review,* 42 Pa. Commonwealth Ct. 487, 400 A.2d 1359 (1979), we will order that this case be remanded for further proceedings.

### ORDER

AND Now, this 27th day of May, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for further proceedings consistent with the foregoing opinion.

Judge MENCER did not participate in the decision in this case.

---

[2] At one point in the proceeding below he testified that he did not remember what caused the accident and at another point he attempted to produce evidence that it occurred as a result of the load shifting on the employer's truck. He also testified that he did not know how fast he was driving at the time of the accident.